UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| LINDA K. CASTEEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:06-CV-394 |
| | ) | (PHILLIPS/GUYTON) |
| | ) | |
| MICHAEL J. ASTURE, | ) | |
| Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of plaintiff's Motion For Judgment On The Pleadings To Reverse The Commissioner's Decision [Doc. 14] and the defendant's Motion For Summary Judgment. [Doc. 16]. Plaintiff Linda K. Casteel seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

The ALJ made the following findings:

> 1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.
>
> 2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant's depression and anxiety are considered "severe" based on the requirements in the Regulations 20 C.F.R. §§ 404.1520(c).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

6. The claimant has the following residual functional capacity: no physical limitations shown or alleged. Regarding the claimant's mental health, she can understand, remember and carry out simple one-and two-step, detailed, but not complex instructions. She will have difficulty, but still can attend to, persist with simple repetitive tasks, maintain simple schedules and routines. The claimant will have difficulty, but still can relate adequately to co-workers, supervisors, and the general public. She can maintain appropriate social behavior. She can adapt to gradual, infrequent changes and set short term goals.

7. The claimant's past relevant work as a forklift operator and stock clerk worker did not require the performance of work-related activities precluded by her residual functional capacity (20 C.F.R. §§ 404.1565).

8. The claimant's medically determinable depression and anxiety do not prevent the claimant from performing her past relevant work.

9. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision (20 C.F.R. §§ 404.1520(f)).

(Tr. 20-21).

If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. 42 U.S.C. § 405(g). See Warner v. Commissioner of Social Security, 375 F.3d 387 (6th Cir. 2004); Siterlet v. Secretary of Health and Human Services, 823 F.2d 918, 920 (6th Cir. 1987); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. See Crisp v. Secretary of Health and Human Services, 790 F.2d 450, 453 n.4 (6th Cir. 1986); see also Dorton v. Heckler, 789 F.2d 363, 367 (6th Cir. 1986) (unless the court is persuaded that the Secretary's findings are "legally insufficient," they should not be disturbed). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Siterlet, 823 F.2d at 920 (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)).

Plaintiff, who is fifty-seven (57) years old and has thirty-two (32) years of past work experience as a forklift operator, plus two years as a stock clerk [Doc. 15], argues that the ALJ erred by not finding her disabled by her mental condition. Although she notes that the ALJ determined that she has "severe" mental impairments of depression and anxiety, she contends that the ALJ erred in evaluating the severity of her mental impairments and their minimal effect on her ability to work. (Tr. 18-20). Plaintiff points to a diagnosis of depression and anxiety made by her treating psychiatrist, Dr. C. Randall May ("Dr. May"), in August, 1996. (Tr. 182). Plaintiff has received treatment by Dr. May, and she maintains that the evidence demonstrates that she lacks the ability to meet the basic mental demands to successfully and consistently engage in substantial gainful activity. Moreover, the plaintiff argues that the ALJ should have been guided by Dr. May's opinion

that she is "mentally disabled." Finally, the plaintiff disputes the ALJ's finding that her allegations of limitation are not totally credible.

The Commissioner asserts that substantial evidence supports the ALJ's determination, noting that plaintiff's cites to subjective complaints and diagnoses are not enough to support a claim of disability. He argues that the plaintiff has the burden to establish disability and that the ALJ's mental residual functional capacity ("RFC") finding is consistent with the opinions of the state agency, reviewing psychologist, Karen B. Lawrence, Ph.D. ("Dr. Lawrence"). (Tr. 121, 124, 131-132).

I find the Commissioner's argument persuasive that plaintiff has failed to show that she has a disabling mental impairment. The burden of proof of a mental disorder is on the plaintiff, who must not only establish the existence of a medically diagnosed mental impairment, but must also prove its severity and functional impact. Foster v. Bowen, 853 F.2d 483, 488-89 (6th Cir. 1988). The mere fact that plaintiff was diagnosed or prescribed medication for anxiety or depression is not enough to establish a disabling mental impairment. Young v. Secretary of Health and Human Services, 925 F.2d 146, 151 (6th Cir. 1990).

Plaintiff testified at the hearing before the ALJ that she voluntarily retired in January 2000, after working 32 years as a fork lift operator (Tr. 197-98). She last worked for two weeks babysitting children in May 2004 (Tr. 196-97). Plaintiff testified that she was in a car accident in 2000, and suffered from back and neck pain (Tr. 198-99). Plaintiff testified that her primary complaint was mental illness (Tr. 200). Plaintiff stated that she received mental health treatment since 1995 (Tr. 200-01).

Plaintiff was seen monthly or bi-weekly, depending on how she felt (Tr. 209). Plaintiff testified that since the time she left her job in 2000, her mother died, and her husband left her for a younger woman. She experienced frequent crying spells (Tr. 201-02, 206-08). She further testified that she had difficulty following directions and things were "messed up in [her] head" (Tr. 203). Plaintiff stated that she took medication that helped and "pick[ed] [her] up a little bit" and calmed her down (Tr. 207-08).

Plaintiff testified that her activities including driving, shopping, visiting relatives, scrap booking, taking care of her pet birds, attending church, walking, watching television, writing poetry, talking to her friend, and going to restaurants (Tr. 195, 202, 204-05, 207, 209).

Dr. May, a psychiatrist, initially evaluated plaintiff in 1996 and provided ongoing evaluation and treatment for depression, anxiety, and sleeplessness through December 2005 (Tr. 142-88).

In 2000, Dr. May noted that plaintiff was feeling sad but her affect looked "pretty good" (Tr. 178). She was in an auto accident but she was "fit & tan" (Tr. 177). Plaintiff had started to split her pills in half and her mood went "downhill" (Tr. 175). In 2001, 2002 and 2003, Dr. May noted that plaintiff's affect was bright and "good" (Tr. 165, 169, 171-72, 174). In August 2003, Dr. May noted that plaintiff's affect was better, and she was more settled and less upset (Tr. 160). In November 2003, plaintiff had better affect and was smiling (Tr. 158).

In January 2004, plaintiff was feeling depressed (Tr. 157). By February 2004, Dr. May noted that plaintiff's affect was brighter than the last visit (Tr. 156). In September 2004, Dr. May opined that the plaintiff was capable of managing her own funds if awarded benefits (Tr. 151). In October 2004, Dr. May noted that the plaintiff had some issues when her medication was changed

5

to a generic version (Tr. 150). Her affect was anxious, but she denied having suicidal or homicidal thoughts (Tr. 150). Dr. May adjusted her medication (Tr. 150). By her next visit, in November 2004, the plaintiff complained that the Paxil was not strong enough, and Dr. May increased her dosage (Tr. 149).

In January 2005, the plaintiff complained that Trazadone was not helping her sleep and she had difficulty staying focused or on task (Tr. 148). Plaintiff was "mildly better" but still felt depressed (Tr. 148). Dr. May adjusted her medication (Tr. 148).

Through September 2005, the plaintiff complained about the medication not helping with her symptoms, and Dr. May adjusted her medication (Tr. 142-43, 145-47). In September 2005, Dr. May noted that the plaintiff was depressed and tearful, secondary to her situation (Tr. 142). However, he also noted the plaintiff's positive response to Paxil CR and prescribed this medication along with the other medication (Tr. 142). In October 2005, Dr. May noted that plaintiff did better with a change in the medication; she remained depressed but her anxiety was better with Valium (Tr. 188).

To establish disability at step three, the plaintiff must satisfy all requirements of a specific listing. Hale v. Sec'y of Health and Human Servs., 816 F.2d 1078, 1083 (6th Cir. 1987). Listing 12.04 requires (A) a medically documented persistence of at least one of three abnormalities ("A" criteria); and (B) at least two of the following ("B" criteria) marked limitations in activities of daily living; marked limitations in maintaining social functioning; marked difficulties in maintaining concentration, persistence, or pace; or repeated episodes of decompensation, each of extended

duration. See 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 12.04.[1]

The ALJ reasonably found that the record did not show that plaintiff's impairments were disabling under the "B" criteria requirements for listing 12.04 (Tr. 19). The Court agrees with the Commissioner that the record contains no persuasive evidence that demonstrated that the plaintiff had marked limitations in daily living, social functioning, or concentration, persistence or pace. Nor does it contain evidence that she suffered repeated episodes of decompensation of an extended duration.

The record contains evidence of plaintiff's extensive daily activities and social interaction (Tr. 71-72, 74-75, 80, 82-84, 195, 202, 204-05, 207, 209). Hogg v. Sullivan, 897 F.2d 328, 333 (6 th Cir. 1993) (claimant did not have marked restrictions of daily living or social functioning where he cared for himself and visited relatives). Dr. Lawrence, the state agency psychologist, opined that plaintiff only had "moderate" restrictions in activities of daily living; "moderate" difficulties in maintaining social functioning and maintaining concentration, persistence, or pace; and no episodes of decompensation (Tr. 131). Dr. Lawrence concluded that plaintiff did not meet or equal any listed impairment including Listing 12.04 (Tr. 121, 124, 131-32). This opinion provided further support for the ALJ's reasonable step three finding. See Moon v. Sullivan, 923 F.2d 1175, 1183 (6th Cir. 1990) (opinions of reviewing physicians evidence that claimant not disabled by a mental impairment).

Plaintiff relies on Dr. May's opinion of mental disability to support her claim that she was disabled under the listing (Pl. Br. at 5-8). The ALJ, however, reasonably determined that Dr.

---

[1] A claimant can also satisfy the listing if she meets "C" Criteria. See 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 12.04(c). The ALJ did not find that plaintiff's impairments were disabling under the "C" criteria (Tr. 19), and plaintiff does not make that allegation.

May's opinion was not entitled to controlling or even significant weight, because it was unsupported and inconsistent with the evidence as a whole, including his own treatment notes (Tr. 19). See 20 C.F.R. §§ 404.1527(d)(3)-(4) (medical source opinion not entitled to significant weight if it is not well supported and inconsistent with other record evidence). Dr. May checked either "poor" or "non" in every category reflecting plaintiff's ability to perform mental work-related functions (Tr. 140-41). Yet, in support of his opinion of disability, Dr. May only stated that plaintiff had a long history of severe depression, which had been treated over the past 9 years with antidepressants (Tr. 141). His treatment notes, however, reflect that treatment, and medications, controlled and improved her condition. Thus, to the extent Dr. May's opinion of disability was unsupported, inconsistent and conclusory, the ALJ reasonably declined to afford it controlling or significant weight. See 20 C.F.R. § 404.1520 (an ALJ must consider the record evidence as a whole in assessing whether a claimant is "disabled").

With regard to the plaintiff's credibility, the ALJ did consider plaintiff's allegations and testimony and articulated the weight given those statements in the context of the record as a whole (Tr. 18-20). An ALJ's credibility finding in particular is entitled to considerable deference, and reviewing courts do not generally make de novo credibility findings. See Gooch v. Sec'y of Health and Human Servs., 833 F.2d 589, 592 (6th Cir. 1987) ("[W]e will not normally substitute our impressions on the veracity of a witness for those of the trier of fact.") Throughout his decision, the ALJ discussed plaintiff's symptoms, her activities, her work history, precipitating and aggravating factors, her treatment history, and medication. See 20 C.F.R. § 404.1529(c)(3). The Court agrees with the Commissioner that the record as a whole supports the conclusion that plaintiff's allegations were not fully credible. The ALJ reasonably determined that there was no support for plaintiff's allegations of a disabling mental condition.

8

The record as a whole reflects that when the plaintiff followed prescribed treatment, including taking her mediation, her condition was controllable and improved. Hardaway v. Secretary of Health and Human Services, 823 F.2d 922, 927 (6th Cir. 1987) (condition controllable by medication is not disabling). The ALJ reasonably relied on the opinion of the state agency, reviewing psychologist to find that plaintiff had only moderate limitations and could understand and remember detailed instructions, could handle repetitive tasks, and could relate adequately to co-workers. (Tr. 137) 20 C.F.R. §§ 404.1527(f)(2)(i), 416.927(f)(2)(i) (State agency medical and psychological consultants and other program physicians and psychologists are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation).

Therefore, based on the entire record in this case, I find that plaintiff has failed to meet her burden of proving a disabling mental impairment.

In light of the foregoing, it is hereby **RECOMMENDED**[2] that the plaintiff's Motion For Judgment On The Pleadings To Reverse The Commissioner's Decision [Doc. 14] be **DENIED** and that the defendant's Motion For Summary Judgment [Doc. 16] be **GRANTED**.

Respectfully submitted,

s/H. Bruce Guyton
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).